IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 2 3 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| GUALBERTO HUERTA, ET AL, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-07-39 |
| | § | |
| CARLOS GARCIA, ET AL, | § | |
| | § | |
| Defendants. | § | |

**OPINION & ORDER**

BE IT REMEMBERED that on October 23, 2007, the Court **GRANTED** the Defendant Oscar Tullos' Motion to Dismiss under Rule 12(b)(1) and (6), Dkt. No. 5, and Police Defendants' Motion to Dismiss for Failure to State a Claim and Assertion of Qualified Immunity, Dkt. No. 9. The Court **ORDERED** Plaintiffs, within thirty (30) days of this order, to properly serve or prove that they already properly served Defendants Jill Williams, Daniel Garcia, Sharon Moore, Lynn Black, Oscar Garcia, and Cesario Pedraza.

I.   **Background**

Pro se Plaintiffs, Gualberto Huerta and his son, Gualberto Huerta, Jr., initiated this suit on April 9, 2007 against fourteen individuals in their official capacities: (1) the Chief of Police from the Brownsville Police Department, Carlos Garcia; (2) Brownsville Police Detective Steve Mendoza; (3) Brownsville Police Detective Tony Flores; (4) Brownsville Police Sergeant Rolando Avitia; (5) Brownsville Police Sergeant Santiago Manrrique; (6) Brownsville Police Detective Rolando Vasquez; (7) Brownsville Police Sergeant Raul Rodriguez; (8) Justice of the Peace Oscar Tullos; (9) the Chief of Police from the Police Force for Brownsville Independent School District ("ISD"), Oscar Garcia; (10) the Police Commander from the Police Force for Brownsville ISD, Cesario Pedraza; (11) an

-1-

Assistant-Superintendent at Brownsville ISD, Dr. Daniel Garcia; (12) Director of Boot Camp at Brownsville ISD, Sharon Moore; (13) Principal of Pace High School in Brownsville ISD, Jill Williams; and (14) Staff Counselor at Brownsville ISD, Lynn Black. Dkt. No. 1, at 2. Defendants Carlos Garcia, Steve Mendoza, Tony Flores, Rolando Avitia, Santiago Manrrique, Rolando Vasquez, and Raul Rodriguez will be collectively referred to as the Police Defendants. Defendants Oscar Garcia, Cesario Pedraza, Daniel Garcia, Sharon Moore, Jill Williams, and Lynn Black will be collectively referred to as the Brownsville ISD Defendants.

Plaintiffs assert that all Defendants have been served. The Police Defendants waived service. Dkt. Nos. 4, 32. In August 2007 Defendant Tullos waived service. Dkt. No. 15. Plaintiffs personally delivered the complaint to Defendants Oscar Garcia and Cesario Pedraza. Dkt. No. 14. Plaintiffs personally delivered the complaint to Defendant Williams, yet she refused to sign a receipt. Dkt. No. 16. Plaintiffs mailed the complaint through FedEx to Defendants Daniel Garcia, Sharon Moore, and Lynn Black. Dkt. No. 17. However, not one of the Brownsville ISD Defendants, Jill Williams, Daniel Garcia, Sharon Moore, Lynn Black, Oscar Garcia, and Cesario Pedraza, filed any responsive pleading or joined either motion to dismiss.

The instant suit charged Defendants with violations of federal law: 18 U.S.C. §§ 241, 242; 42 U.S.C. § 14141; relevant statutes concerning fabrication of evidence and failure to keep others from harm; relevant child endangerment statutes; and, the Sixth and Fourteenth Amendments to the U.S. Constitution. Dkt. No. 1, at 1. Various Defendants answered the complaint with motions to dismiss based on Rules 12(b)(1),(6) and qualified immunity. Dkt. Nos. 5, 9, 32.

Plaintiffs assert that despite efforts to obtain police assistance regarding perceived violence and drug activity in Plaintiffs' neighborhood and at school, Defendants failed to act and thereby endangered Plaintiffs. *See* Dkt. No. 1. Plaintiffs assert that the senior Plaintiff suffered multiple assassination attempts at the Brownsville High School where he taught, yet Defendants did not take action to protect him. *Id.*

## II.    Service, Rule 4

Rule 4 of Federal Rules of Civil Procedure provides that Plaintiff must serve Defendants within one hundred and twenty (120) days after filing the complaint. FED. R. CIV. P. 4(m). The Court upon motion or *sua sponte* may dismiss the suit with respect to Defendants not served within the time period or allow Plaintiff a reasonable amount of time to serve the Defendants. *Id.*

Plaintiffs initiated suit on April, 9, 2007. Dkt. No. 1. The service deadline passed on August 7, 2007. Although Plaintiffs assert that they personally delivered the complaint to Defendants Jill Williams, Oscar Garcia, and Cesario Pedraza and mailed the complaint to Defendants Daniel Garcia, Sharon Moore, and Lynn Black, Dkt. Nos. 14, 16, 17, Plaintiffs have not established proper service according to Rule 4(c),(d) of the Federal Rules of Civil Procedure. Moreover, not one of these Brownsville ISD Defendants has acknowledged this suit or sought dismissal based on improper service. Therefore, the Court **GRANTS** Plaintiffs thirty (30) days from the date of this order to properly serve the Brownsville ISD Defendants or provide proof that Plaintiffs already effectuated proper service on the Brownsville ISD Defendants.

## III.   Dismissal, Rule 12(b)(1),(6)

Rule 12(b)(1) allows a court to dismiss a lawsuit where the pleader proves that the court "lacks jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). Essentially, Plaintiff bears the burden of establishing that this Court has subject matter jurisdiction over the various claims he raised. Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010 (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)).

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is "viewed with disfavor and is rarely granted." Kennedy v. Tangipahoa Parish Library Bd. of Control, 224 F.3d 359, 365 (5th Cir. 2000); Lowrey v. Texas A & M University System, 117 F.3d 242, 247(5th Cir. 1997) (quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982)). Fifth Circuit law dictates that a district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). See also Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). A complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir. 1986). The Fifth Circuit has held, however, that dismissal is appropriate "if the complaint lacks an allegation regarding a required element necessary to obtain relief." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (citation omitted).

Plaintiffs assert claims based on 18 U.S.C. §§ 241, 242; 42 U.S.C. § 14141; relevant statutes concerning fabrication of evidence and failure to keep others from harm; relevant child endangerment statutes; as well as, the Sixth and Fourteenth Amendments to the U.S. Constitution. Dkt. No. 1, at 1. Plaintiffs specifically allege claims under three federal statutes and two constitutional amendments and therefore, Plaintiffs implicitly assert that this Court has federal question jurisdiction. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). For federal question cases brought under § 1331, a court must not dismiss the suit. Bell v. Hood, 327 U.S. 678, 682-83 (1946). However, there are two exceptions: (1) where the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or [(2)] where such a claim is wholly insubstantial and frivolous." Id.

However misplaced, Plaintiffs' case does rely upon the federal claims asserted and thus they cannot be considered "immaterial" to the complaint. Southpark Square Ltd. v.

-4-

City of Jackson, 565 F.2d 338, 342 n.5 (5th Cir. 1977). Nonetheless, the second *Bell* exception does apply and thereby strips this Court of jurisdiction.

This Court may find that the causes of action Plaintiffs assert are insubstantial and frivolous if they are "obviously without merit or because [their] unsoundness so clearly results from the previous decisions of [the Supreme Court] as to foreclose the subject." *Id.* at 342 (quoting Cal. Water Service Co. v. City of Redding, 304 U.S. 252, 255 (1938)). While a jurisdictional inquiry should generally not reach the merits of the case, *Weir v. Muller*, 527 F.2d 872, 873 (5th Cir. 1976), the second *Bell* exception allows this Court to reach the merits of Plaintiff's claims. *Southpark Square Ltd.*, 565 F.2d at 343 n.7.

Plaintiffs' claims fail because none provide Plaintiffs with a valid cause of action or provide this Court with subject matter jurisdiction. While federal and state laws may prohibit certain activities or afford citizens certain rights, a private citizen may only utilize those statutes and constitutional amendments where Congress so intended and the text so provides.

### A. Criminal Statutes

Plaintiffs allege claims under criminal statutes: 18 U.S.C. §§ 241, 242; relevant statutes concerning fabrication of evidence and failure to keep others from harm; and relevant child endangerment statutes.[1] Dkt. No. 1, at 1. In 2003, the Fifth Circuit held that there is no right to bring a private cause of action under federal criminal statutes, namely under 18 U.S.C. §§ 241, 242. Pierre v. Guidry, 75 Fed. Appx. 300 (5th Cir. 2003) (unpublished). Moreover, "a private citizen cannot enforce criminal statutes in a civil action." Florance v. Buchmeyer, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007); Ali v. Hoke, 2007 WL 1655915, *7 (E.D. Tex. 2007) (holding that the plaintiff could not bring a pro se civil action for a criminal charge of official oppression as only prosecutors can initiate criminal complaints except where the statute expressly provides)). The Texas child endangerment statute, TEX. PENAL CODE ANN. § 22.041 (2007), and the Texas statute

---

[1] Plaintiff failed to assert the statutory provisions for child endangerment and tampering with evidence. Dkt. No. 1. This Court found relevant Texas statutes but did not find relevant statutes with private causes of action.

Case 1:07-cv-00039   Document 35   Filed in TXSD on 10/23/07   Page 6 of 8

addressing fabrication of evidence, TEX. PENAL CODE ANN. § 37.09 (2007), are criminal statutes and neither provides for a private cause of action.

Plaintiffs do not have causes of action based on any of the criminal statutes they cite. Therefore, this Court does not have subject matter jurisdiction over any of those claims. Any claim under the aforementioned criminal statutes brought against Defendant Tullos and the Police Defendants must subsequently be dismissed.

### B. Civil Action for only the Attorney General

Similarly, 42 U.S.C. § 14141 can not provide Plaintiffs with a private cause of action. Cline v. City of Seattle, No. C06-1369MJP, slip op. at 5 (W.D. Wash. Sept. 7, 2007); Evans v. U.S. Dept. of Educ. ex rel. CA State University Stanislausk, 2006 WL 294800, *2 (N.D. Cal. 2006) (unpublished); Greer v. Hillsborough Co. Sheriff's Dept., 2005 WL 2416031, *3 (M.D. Fla. 2005); Inkel v. Bush, 2004 WL 2381747, *3 (D.Conn. 2004). In fact, the statute explicitly limits the right to bring a cause of action to the Attorney General. 42 U.S.C. § 14141(b) ("[T]he Attorney General . . . may in a civil action obtain appropriate equitable and declaratory relief.").

Therefore, this claim cannot provide this Court with subject matter jurisdiction. Any claim under § 14141 brought against Defendant Tullos and the Police Defendants must therefore be dismissed.

### C. Constitutional Amendments

Plaintiffs also bring suit under the Sixth Amendment. However, that constitutional amendment is wholly inapplicable to these circumstances. The Sixth Amendment applies to criminal prosecutions. U.S. CONST. amend. XI (beginning "[i]n all *criminal* prosecutions") (emphasis added). *See also* Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000) (indicating that the Sixth Amendment protections attach only after the Government initiates prosecution). Plaintiffs in the instant suit do not allege any criminal prosecution, in fact they complain that there was no criminal prosecution. Moreover, the Sixth Amendment protects individual rights during prosecution, *Jones*, 203 F.3d at 880, whereas Plaintiffs attempt to use the amendment to sue officials for the failure to prosecute others. The Sixth

Amendment does not reach those circumstances. Therefore, the Sixth Amendment claim brought against Defendant Tullos and the Police Defendants must therefore be dismissed.

Plaintiffs also brought suit under the Fourteenth Amendment and presumably meant to bring suit under 18 U.S.C. § 1983. However, neither the constitutional amendment nor the federal statute saves this suit. The decision to not file criminal charges does not give rise to liability under 18 U.S.C. § 1983. Oliver v. Collins, 904 F.2d 278, 280-81 (5th Cir. 1990). "[T]here is no constitutional right to have someone criminally prosecuted." *Florance*, 500 F. Supp. 2d at 635 (citing Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990)). Moreover, failure to act in general does not provide a private citizen with a cause of action under § 1983. *See* DeShaney v. Winnebago Co. Dept. of Social Services, 489 U.S. 189, 197 (1989). *DeShaney* created two exceptions to the general bar to private suits: first, where the individual is in the custody of the state, the Constitution imposes a duty of care on the state; and, second, where the state created or exacerbated the danger a private citizen may have a private cause of action. Breen v. Tex. A&M University, 486 F.3d 325, 333 (5th Cir. 2007).

Plaintiffs do not allege facts which would support application of either *DeShaney* exception. The facts Plaintiffs assert do not establish that Defendants placed Plaintiffs in police custody or that Defendants created or increased a dangerous condition for Plaintiffs. *See* Piotrowski v. City of Houston, 237 F.3d 567, 584-85 (5th Cir. 2001) (holding that despite the fact that police gave suspects who contracted to murder the plaintiff a picture of the plaintiff and further failed to warn plaintiff of the planned murder, the police defendants were not liable for plaintiff's shooting under § 1983).

Therefore, Plaintiffs' constitutional claims cannot provide this Court with subject matter jurisdiction. Any claim under the Sixth or Fourteenth Amendments brought against Defendant Tullos and the Police Defendants must therefore be dismissed.

## IV.    Conclusion

WHEREFORE this Court **GRANTED** Defendant Oscar Tullos' Motion to Dismiss under Rule 12(b)(1) and (6), Dkt. No. 5, and Police Defendants' Motion to Dismiss for Failure to State a Claim and Assertion of Qualified Immunity, Dkt. No. 9. Furthermore, the

Court **GRANTED** Plaintiffs thirty (30) days from the date of this order to provide proof of proper service on the Brownsville ISD Defendants: Jill Williams, Daniel Garcia, Sharon Moore, Lynn Black, Oscar Garcia, and Cesario Pedraza.

DONE at Brownsville, Texas, this 23rd day of October, 2007.

Hilda G. Tagle
United States District Judge